UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RENE AGUINALDO and GRACE AGUINALDO, | ) ) ) | Case No.: 5:12-CV-01393-EJD |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. | ) ) ) | |
| OCWEN LOAN SERVICING, LLC, and DOES 1-50, inclusive | ) ) ) | [Re: Docket Item Nos. 6, 14] |
| Defendants. | ) ) | |

Presently before the Court is Defendant Ocwen Loan Servicing LLC's ("Ocwen") Amended Motion to Dismiss the Complaint filed by Plaintiffs Rene Aguinaldo and Grace Aguinaldo ("the Aguinaldos"). See Docket Item No. 14. Having fully reviewed Ocwen's moving papers which were filed unopposed, the Court will grant Ocwen's motion for reasons described below.

## I. BACKGROUND

### A. Factual History

On or around July 17, 2006, the Aguinaldos obtained a loan of $649,700.00, to secure the purchase of real property located at 2353 Flickinger Avenue in San Jose, California. See Notice of

United States District Court
For the Northern District of California

Removal and Removal, hereafter "Removal," Docket Item No. 1, Ex. A, Complaint ¶ 6, hereafter, "Compl."; Def's. Req. for Judicial Notice (hereafter "RJN"), Docket Item No. 7, Ex. 1, Deed of Trust. The loan was obtained from lender First NLC Financial Services, LLC, and Defendant Ocwen was the company servicing the loan on the property. Compl. ¶ 7; RJN, Ex. 1.

Beginning in or around January 2011, the Aguinaldos failed to make payments on the loan. Compl. ¶ 8. As a result, a Notice of Default was issued and recorded on July 19, 2011. RJN, Ex. 2. On August 1, 2011 an Assignment of Deed of Trust was recorded, wherein Deutsche Bank National Trust Company was assigned as trustee; on that same date, a Substitution of Trustee was also recorded, which substituted in First NLC Financial Services, LLC as trustee for the Deed of Trust. RJN, Exs. 3, 4. On October 26, 2011 a Notice of Trustee's Sale was issued giving notice that November 28, 2011 would be the date of the foreclosure sale. RJN, Ex. 5.

The Aguinaldos allege in their Complaint that in or around October 2011, Ocwen sent them a hardship assistance package, which requested that they provide certain documents such as their most recent tax returns, paystubs, bank statements, and an explanation as to why their account has become delinquent. Compl. ¶ 10–13. They claim that Ocwen assured them that the home would not be foreclosed if they properly followed the hardship assistance instructions, submitted the requisite forms, provided the requested documents, and were deemed eligible. Compl. ¶ 10. After faxing the various forms and documents to Ocwen on November 11, 2011, the Aguinaldos received a letter dated November 24, 2011 from Ocwen. Compl. ¶ 14–15. This letter stated that "[Ocwen] will not move ahead with the foreclosure sale on an active foreclosure as long as we have received all the required documents and you have met the eligibility requirements." Compl. ¶ 19. The Aguinaldos also allege that the November 24, 2011 letter stated that "no foreclosure sale will be conducted and you will not lose your home during the HAMP [Home Assistance Modification Program] evaluation." Compl. ¶ 19.

The foreclosure sale took place on November 28, 2011, and the property was sold and conveyed to the assigned beneficiary of the Deed of Trust. See RJN Ex. 6. On December 2, 2011

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

the Aguinaldos received a letter from Ocwen stating "We are unable to offer you a Home Affordable Modification because: Your loan has undergone foreclosure and the property is currently being marketed for sale." Compl. ¶ 21.

### B. Procedural History

The Aguinaldos filed the Complaint underlying this action against Ocwen in Santa Clara Superior Court on February 9, 2012. The Complaint asserted eight claims for relief: (1) promissory estoppel; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) promise made without intention to perform; (5) conversion; (6) negligence; (7) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress. See Compl. On March 20, 2012 Ocwen removed the action to this Court pursuant to 28 U.S.C. § 1332 et seq. based upon diversity of citizenship. See Removal. On March 30, 2012 Ocwen moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) along with a request for judicial notice of certain relevant publicly available documents. See Def's. Mot. to Dismiss Compl., Docket Item No. 6; RJN. After the case was reassigned, Ocwen filed an amended motion to dismiss on May 2, 2012. See Def's. Am. Mot. to Dismiss, Docket Item No. 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." <u>Twombly</u>, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered." <u>Twombly</u>, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id.</u>

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. <u>Vess v. Ciba–Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." <u>Smith v. Allstate Ins. Co.</u>, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); <u>see also</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### III. REQUEST FOR JUDICIAL NOTICE

4

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

In support of its motion to dismiss, Ocwen has requested that the Court take judicial notice of various documents. See RJN. These documents include the following: The Deed of Trust, recorded July 20, 2006 (Ex. 1); Notice of Default and Election to Sell Under Deed of Trust, recorded July 19, 2011 (Ex. 2); Assignment of Deed of Trust, recorded August 11, 2011 (Ex. 3); Substitution of Trustee, recorded October 31, 2011 (Ex. 4); Notice of Trustee's Sale, recorded October 31, 2011 (Ex. 5); and Trustee's Deed upon Sale, recorded December 2, 2011 (Ex. 6);

For a motion to dismiss, the court does not generally look beyond the complaint as doing so may enter the purview of summary judgment. See Fed. R. Civ. P. 12(d); Hal Roach Studios, 896 F.2d at 1555 n.19. There are, however, two exceptions to this rule. First, the court may properly take judicial notice of material which is attached as part of the complaint or relied upon by the complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688–69 (9th Cir. 2001). Second, the court may properly take judicial notice of matters in the public record pursuant to Federal Rule of Evidence 201(b). Id. Rule 201(b) requires a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(d).

Here, the Aguinaldos do not challenge the authenticity of the documents contained in Ocwen's Request for Judicial Notice. The Exhibits contained therein are therefore judicially noticeable as matters of public record. As such, Defendant's Request for Judicial Notice is granted in its entirety.

## IV. DISCUSSION

In their Complaint, the Aguinaldos have asserted eight causes of action. Each will be addressed below.

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**A. Promissory Estoppel (Claim 1)**

The Aguinaldos assert that in the hardship assistance package sent in October 2011 and in the November 24, 2011 letter, Ocwen promised it would not foreclose on the property in question. In support of their claim of promissory estoppel, the Aguinaldos contend that they relied on these statements to their detriment "by not taking alternative measures to prevent the foreclosure sale of [their] home." Compl. ¶ 25.

A sufficient pleading of a claim for promissory estoppel contains the following elements: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." Boon Rawd Trading Int'l Co., Ltd. v . Paleewong Trading Co., Inc. 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010); Ecology, Inc. v. State of California, 129 Cal. App. 4th 887, 901–02, 904 (2005). The party asserting promissory estoppel must also show that injustice can be avoided only by enforcement of the promise. DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 412 n.4 (9th Cir. 1994).

Where an alleged promise is conditional or subject to further negotiations, the "clear and unambiguous" requirement for promissory estoppel is not met. See Laks v. Coast Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 891 (1976) (determining that a conditional commitment letter for construction financing subject to conditions and subsequent negotiations did not constitute a clear and unambiguous promise); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1325 (N.D. Cal. 1995) (rejecting a promissory estoppel claim where the alleged promise was subject to further negotiations and considerations).

In this case, the alleged promises cannot give rise to promissory estoppel because they were conditional, thus failing to meet the "clear and unambiguous" requirement. See Laks, 60 Cal. App. 3d at 891. The Aguinaldos admit that the statements in both the October 2011 and November 24,

6

2011 communications contained language pointing to the conditional nature of the alleged promises. In the October 2011 package Ocwen stated it would not foreclose on the property "if [the Aguinaldos] submitted certain documents" and met the eligibility requirements. Compl. ¶ 10, 19. Similarly, in the November 24, 2011 letter, Ocwen stated that it would not move forward with foreclosure plans "as long as we have received all required documents and you have met the eligibility requirements." Compl. ¶ 19. The Aguinaldos have not alleged that Ocwen made a promise to refrain from proceeding with the foreclosure sale unconditionally. As such, the Aguinaldos have failed to sufficiently plead a claim for promissory estoppel.

## B. Fraud-based Claims: Intentional Misrepresentation, Negligent Misrepresentation, Promise Made without Intent to Perform (Claims 2, 3, and 4)

The Aguinaldos' next three causes of action—intentional misrepresentation, negligent misrepresentation and "promise made without intent to perform"—involve claims of fraud. These three claims each rely on the allegation that Ocwen made false statements to the Aguinaldos, namely that Ocwen would not proceed with the foreclosure sale.

The elements of intentional misrepresentation in California are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). The elements of negligent misrepresentation are similar except that a plaintiff need not show that the defendant knew of the falsity of the statement, but rather that the defendant lacked reasonable ground for believing the statement to be true. Charney v. Cobert, 145 Cal. App. 4th 170, 184 (2006). Under California law, a promise made without intention to perform may give rise to a claim of deceit, which is an actionable fraud. See Cal. Civ. Code § 1740(4); City and County of San Francisco v. Philip Morris, Inc., 957 F. Supp. 1130, 1141 n.10 (N.D. Cal. 1997); Cicone v. URS Corp., 183 Cal. App. 3d 194, 203 (1986)).

7

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

Although the court looks to state law to determine if the elements of fraud have been properly pleaded, a plaintiff must still meet the federal standard under Rule 9(b) to plead fraud with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess, 317 F.3d at 1103. A pleader of fraud must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991).

As noted, in order for each of these claims to be sufficiently pleaded, the Aguinaldos must show that Ocwen made a false statement to them. The Aguinaldos contend that Ocwen's assurance that their home would not be foreclosed was in fact false and thus gives rise to their three fraud-based claims. The Aguinaldos further contend that that Ocwen knew that that these statements were untrue and nevertheless made them with the intent to deceive the Aguinaldos and induce them into acting in reliance on those statements.

Statements that are predictions of future events or commitments to take or refrain from taking action in the future are not actionable fraud. Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 158 (1991). In that regard, the failure to fulfill a promise to take or refrain from taking future action generally cannot form the basis of a fraud claim. Sullins v. Exxon/Mobil Corp., No. 08-04927, 2010 WL 338091, at *2 (N.D. Cal. Jan. 20, 2010). Moreover, like with promissory estoppel, promises that are conditional are less likely to form the basis of a fraud claim without a showing that the conditions have been met. See Laks, 60 Cal. App. 3d at 891; Averbach v. Vnescheconombank, 280 F. Supp. 2d 945, 958 (N.D. Cal. 2003). Broken promises may be actionable as a fraud, but the plaintiff must allege with specificity that the promisor did not intend to perform at the time the promise was made. Montgomery v. Nat'l City Mortg., No. 12-1359, 2012 WL 1965601, at *10 (N.D. Cal. May 31, 2012); Lazar v. Superior Court, 12 Cal. 4th 631, 638–39 (1996).

The Aguinaldos' fraud-based claims are problematic for two reasons. First, the promise they allege comprises the false statement was conditional. As noted vis-à-vis the claim of

8

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

promissory estoppel, Ocwen promised to refrain from foreclosing on the home, if at all, subject to certain conditions such as the Aguinaldos' meeting the eligibility requirements. The Aguinaldos have failed to allege that the promise was unconditional, nor have they shown that they met Ocwen's conditions through which they would qualify for the home affordable modification program which might have delayed the foreclosure sale.

Second, the Aguinaldos' vague allegations that Ocwen did not perform on its alleged promises are insufficient to meet the Rule 9(b) standard for fraud-based claims. See Swartz, 476 F.3d at 764. They have merely alleged that Ocwen made promises regarding future events rather than made representations of past or existing facts. See Garcia v. Ocwen Loan Servicing, LLC, No. 10-0290, 2010 WL 1881098, at *2 (N.D. Cal. May 10, 2010) (finding that promises defendant-loan servicer made regarding the approval of a future loan modification plan was insufficient to support a fraud-based claim). Moreover, the Aguinaldos have not specifically shown that Ocwen or its employees did not intend to perform on the alleged promises at the time they were made.

Because the Aguinaldos have not alleged any misrepresentation of past or existing material fact and have failed to meet the fraud-based pleading standard, their causes of action for intentional misrepresentation and negligent misrepresentation are dismissed. Because they have failed to specifically show that Ocwen did not intend to perform on an unconditional promise, their cause of action for promise made without intent to perform is also dismissed.

**C. Conversion (Claim 5)**

The Aguinaldos next appear to argue that by proceeding with the foreclosure sale of their home Ocwen "converted the [property] to its own use." Compl. ¶ 56. Under California law, "conversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with his rights in the property." In re Emery, 317 F. 3d 1064 (9th Cir. 2003). Because the Aguinaldos claim of conversion alleges the conversion of real property, it must fail as a matter of law. Kremen v. Cohen, 337 F. 3d 1024, 1031 n.7 (9th Cir. 2002) ("Intangible interests in real

9

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

property . . . remain unprotected by conversion . . . ."); <u>Richards v. Bank of America, N.A.</u>, No. 10-01183, 2010 WL 3222151, at *4 (N.D. Cal. Aug. 13, 2010) ("[T]he tort of conversion applies to personal property, not real property."); <u>Munger v. Moore</u>, 11 Cal. App. 3d 1, 7 (1970) (declining to extend the action of conversion to real property).

Even if the claim of conversion could be properly alleged for real property, such a claim would still fail in this case. The act of foreclosing on a home where the borrower was in default on the mortgage does not constitute conversion. See <u>Phoenix Leasing, Inc. v. Venture Funding, Ltd.</u>, No. 91-4092, 1994 WL 449036, at *4 (N.D. Cal. Aug. 12, 1994). In this case, the Aguinaldos' admitted default on their mortgage payments permitted the foreclosure sale under the Deed of Trust. In that regard, the Aguinaldos cannot allege any ownership right or right to possession of the property, which is a requirement for a claim of conversion. See <u>Martinez-Rodriguez v. Bank of America, N.A.</u>, No. 11-06572, 2012 WL 967030, at *5 (N.D. Cal. Mar. 21, 2012). Therefore, they have failed to state a cause of action for conversion. This cause of action is dismissed.

**D. Negligence (Claim 6)**

The Aguinaldos next claim that Ocwen acted negligently in proceeding with the foreclosure sale. In order to sufficiently state a claim for negligence a plaintiff must prove the following elements: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the breach was the proximate and actual cause of the plaintiff's injury. <u>Sohal v. Fed. Home Loan Mortg. Corp.</u>, No. 11-01941, 2011 WL 3842195, at *8 (N.D. Cal. Aug. 30, 2011); <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 918, 50 Cal. Rptr. 2d 309, 311 (1996). The question of whether a defendant owed a duty to a plaintiff is a question of law to be decided by the courts. <u>First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler</u>, 210 F.3d 983, 987 (9th Cir. 2000); <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004).

Here, the Aguinaldos claim that Ocwen owed them a duty "not to foreclose on [their] property until a financial review had been proceeded by Ocwen." Compl. ¶ 61. Such a duty

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

between a borrower and loan servicer that would give rise to a negligence action, however, has not been recognized under the law. Lyons v. Bank of America, N.A., No. 11-01232, 2011 WL 3607608, at *8 (N.D. Cal. Aug. 15, 2011) ("[T]he weight of authority holds that a lender or loan servicer owes no duty of reasonable care to a borrower."); James v. Litton Loan Servicing, LP, No. 10-05407, 2011 WL 724969 (N.D. Cal. Feb. 22, 2011) (finding no fiduciary duty between a borrower and loan servicer); Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract."). The Aguinaldos do not cite any specific facts, statutes, or cases to support their claim that Ocwen had a duty not to proceed with the foreclosure sale based solely on Ocwen's position as their loan servicer or Ocwen's sending them the hardship assistance package. See Hendrickson v. Popular Mortg. Servicing, Inc., No. 09-00472, 2009 WL 329979 (N.D. Cal. Oct. 13, 2009) (finding no duty between a loan servicer and borrower that would give rise to a negligence cause of action). Because Ocwen had no duty to refrain from proceeding with the foreclosure sale, the Aguinaldos have failed to state a claim of negligence.

**E. Intentional Infliction of Emotional Distress (Claim 7)**

To sufficiently support a claim of intentional infliction of emotional distress a plaintiff must show the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001, 25 Cal. Rptr. 2d 550, 574 (1993). Conduct is "outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

In this case, the Aguinaldos base their intentional infliction of emotional distress claim on Ocwen's proceeding with the foreclosure sale. However, courts have found as a matter of law that foreclosing on property does not amount to the "outrageous conduct" required to support a claim

11

for intentional infliction of emotional distress. <u>Davenport v. Litton Loan Servicing, LP</u>, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (holding that the act of foreclosing on a home "falls shy of 'outrageous,' however wrenching the effects on the borrower"); <u>Mehta v. Wells Fargo Bank, N.A.</u>, 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010) ("The fact that one of Defendant[-lenders'] employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context."); <u>Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.</u>, No. 10-CV-02842, 2010 WL 3769459, at *4–5, *13 (N.D. Cal. Sept. 22, 2010) (holding that the act of foreclosing on a home by itself does not constitute outrageous conduct for an intentional infliction of emotional distress claim). Since their only support for this claim involves Ocwen's proceeding with the foreclosure sale, the Aguinaldos have not shown that Ocwen's conduct was sufficiently outrageous. As such, their claim for intentional infliction of emotional distress fails.

**F. Negligent Infliction of Emotional Distress (Claim 8)**

The Aguinaldos also claim that Ocwen's proceeding with the foreclosure sale amounted to negligent infliction of emotional distress. Negligent infliction of emotional distress "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." <u>Huggins v. Longs Drug Stores Cal., Inc.</u>, 6 Cal. 4th 124, 129, 24 Cal. Rptr. 2d 587, 590 (1993). To succeed on a claim for negligent infliction of emotional distress, a plaintiff must show "serious emotional distress actually and proximately caused by wrongful conduct on the part of a defendant who should have foreseen that the conduct would cause such distress." <u>Davenport</u>, 725 F. Supp. 2d at 884. Such duty "may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." <u>Potter</u>, 6 Cal. 4th at 985.

Even under the negligence theory, the Aguinaldos have failed to connect their alleged emotional distress to the process of a foreclosure sale such that a reasonable loan servicer would foresee such a harm when undergoing the foreclosure process. <u>See Davenport</u>, 725 F. Supp. 2d at

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

884 (finding that plaintiff could not establish that defendant's refusal to modify a loan would foreseeably cause emotional distress). Furthermore, Ocwen owed no duty to protect the Aguinaldos against emotional distress when acting in the regular course of business as their loan servicer. Palestini v. Homecomings Fin., LLC, No. 10-CV-1049-MMA, 2010 WL 3339459, at *7 (S.D. Cal. Aug. 23, 2010) ("[Defendant loan servicer] did not owe Plaintiffs any duty because their conduct did not exceed their conventional roles as loan servicer."); Mehta, 737 F. Supp. 2d at 1204 (finding that there was no special relationship between a borrower and lender where the borrower's "emotional condition was an object"). As such, the Aguinaldos have not sufficiently pleaded a claim for negligent infliction of emotional distress.

### V. LEAVE TO AMEND

Finally, it must be determined whether the Aguinaldos may amend their claim. Generally, leave to amend should be allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Where amendment to the complaint would be futile, the court may order dismissal with prejudice and without leave to amend. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996). Such is the case here.

Underlying the Aguinaldos' claims for promissory estoppel, negligent and intentional misrepresentation, and promise made without intent to perform (Claims 1–4) is the allegation that Ocwen made a promise to them and did not perform on that promise. However, as noted, the Aguinaldos have not alleged—nor could they allege—that the promise was made unconditionally, which would be necessary for them to have a sufficient cause of action for these claims. Rather, the Aguinaldos only contend that Ocwen told them the foreclosure sale might not proceed subject to the meeting of various conditions such as the Aguinaldos' submitting certain forms and documents and a determination that they would be eligible for the foreclosure stay. Because the alleged promise was made subject to such conditions, it cannot form the basis of the Aguinaldos' Claims

13

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

1–4 which require that a false statement was made. The fact that this statement was conditional shows that no matter what factual amendments the Aguinaldos may make, these claims would not be viable.

Regarding the Aguinaldos' conversion claim (Claim 5), dismissal without leave to amend is granted because the tort of conversion cannot apply to real property. The claims involving an alleged duty owed by Ocwen—negligence (Claim 6) and negligent infliction of emotional distress (Claim 8)—are also dismissed without leave to amend. Based on Ocwen's status as their loan servicer, the Aguinaldos would be unable to establish a duty as a matter of law with regard to the conduct they allege constitutes negligence, namely Ocwen's proceeding with the foreclosure sale, for the reasons stated above. Lastly, the intentional infliction of emotional distress claim (Claim 7) is dismissed without leave to amend because it has been well-established that foreclosing on a home does not constitute "outrageous" conduct sufficient for such a claim.

For these reasons as well as those stated above, the Court deems it appropriate to dismiss the causes of action alleged in the Complaint without leave to amend.

## VI. CONCLUSION AND ORDER

Because the Aguinaldos have failed to establish each of the causes of action they have alleged in their Complaint, Ocwen's Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND in its entirety.

Since this Order effectively disposes of the entire case, the Clerk shall close this file upon entry of Judgment.

**IT IS SO ORDERED.**

Dated: September 4, 2012

_____
EDWARD J. DAVILA
United States District Judge

14

Case No.: 5:12-CV-01393-EJD
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California